# UNITED STATES DISTRICT COURT

for the

Northern District of Texas   ▼

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **JUELZ ARMSTEAD** | ) | Case No.    6:24-MJ-013-BU |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   Feb. 1, 2024, to Feb. 23, 2024   in the county of   Tom Green   in the

Northern   District of   Texas   , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 2252A(a)(2) | Receipt or Distribution of Child Pornography |

This criminal complaint is based on these facts:

See attached affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Michael H. Baker, Special Agent
*Printed name and title*

Sworn to before me via telephone pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), .

Date:  July 23, 2024

_____
*Judge's signature*

City and state:   Abilene, Texas   John R. Parker,  U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Baker, being first duly sworn, hereby depose and state as follows:

1.      I am currently employed as a Special Agent (SA) with Homeland Security Investigations (HSI) and have been since October of 2022.  I am authorized to investigate criminal violations relating to the receipt or distribution of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2).  Prior to being employed by HSI, I was employed as a Border Patrol Agent for over 13 years.  During this law enforcement career, I have been part of multiple multi-agency task forces where I worked in the capacity of a federal Criminal Investigator for approximately five years.

2.      I have participated in numerous complex investigations of violations of federal law, to include but not limited to, narcotics violations, immigration violations, and customs violations, which have culminated in successful federal prosecution.  In addition, I have successfully completed two federal law enforcement academies, both of which were approximately six months in duration.  Topics include, but are not limited to, numerous hours of federal law, child pornography and exploitation investigations, contraband smuggling, investigative techniques, and tactics.

3.      The statements in this affidavit are based upon the investigation I have conducted and based on conversations with other law enforcement officers involved in this investigation, or who have engaged in numerous child pornography investigations, public source and business records, and my experience and background as a federal law enforcement agent.  Since this affidavit is being submitted for the limited purpose of a complain affidavit, I have not included each and every fact known concerning this investigation.

### TITLE 18, UNITED STATES CODE, SECTION 2252A(a)(2)
### RECEIPT OR DISTRIBUTION OF CHILD PORNOGRAPHY

4.      Title 18, United States Code, Section 2252A(a)(2), makes it a crime for anyone to knowingly receive or distribute any child pornography using any means or

facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. This offense has the following elements and definitions according to the Fifth Circuit.

*First*.       That the defendant knowingly received or distributed an item of child pornography, as alleged;

*Second*.       That the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and;

*Third*.       That when the defendant received or distributed the item, the defendant knew the item was or contained child pornography.

To "receive" something means to knowingly accept or take possession of something. Receipt does not require proof of ownership.

To "distribute" something means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by

any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## STATEMENT OF PROBABLE CAUSE

5.      Around February of 2024, the Tom Green County Sheriff's Office (TGCSO) received information that Juelz ARMSTEAD received images and or videos of child pornography of a juvenile female living in Colorado.  Detectives with the TGCSO applied for and were granted a search warrant for ARMSTEAD's residence in San Angelo, Texas, to include ARMSTEAD's electronic devices, as well an arrest warrant for ARMSTEAD. San Angelo, Texas, is located in the San Angelo Division of the Northern District of Texas.

6.      On February 26, 2024, TGCSO executed a search warrant at ARMSTEAD's residence and encountered ARMSTEAD.  Located in the same room as ARMSTEAD was an electronic device (iPhone) later determined to belong to ARMSTEAD.  At the time of the execution of the warrants, ARMSTEAD was on bond for separate charges of possessing child pornography.

7.      ARMSTEAD did not claim ownership of the device, but an initial analysis of the device revealed that the device was logged into a Snapchat account known to belong to ARMSTEAD.  The unlock passcode of the device was found to be the same as that of a

phone seized from ARMSTEAD approximately one year prior by TGCSO. The passcode was freely given to TGCSO at the time of that phone's seizure by ARMSTEAD. Numerous selfie style photos of ARMSTEAD were also visible on the device.

8.    Apple iPhones, such as this one, are means and facilities of interstate or foreign commerce in that they operate as computers, connect to the Internet and allow for sharing of material over the Internet, and are not manufactured in the State of Texas.

9.    A forensic review of ARMSTEAD's device revealed numerous images and videos of child pornography that had been sent to ARMSTEAD using the iPhone's messaging application. One of the victims, referenced in reports as Child Victim 15 (CV15), was positively identified as a 12-year-old female in California. During an interview, CV15 provided that CV15 informed ARMSTEAD of her correct age, 12 years old. Text messages on ARMSTEAD's device between ARMSTEAD and CV15 reflect that ARMSTEAD solicited CV15 for nude images. The referenced text messages occurred between the dates of February 1, 2024, and February 23, 2024.

10.    Located within the text thread were multiple photographs of CV15 in various stages of undress. No less than two of those images meet the federal definition of child pornography.

> 1)  File Name: IMG-9850.PNG
>
> Description: This still image depicts a young, darker skinned female (CV15) standing in what appears to be a bathroom. The female is completely nude. The genitals of the female are exposed and in clear view of the camera.
>
> 2)  File Name: IMG-278.JPG
>
> Description: This still image is a closeup image of the genitals of what appears to be the same female (CV15). The female's genitals are exposed and in clear view of the camera. Due to the nature of the image, only the genitals and immediate surrounding area are visible.

11.     In addition, multiple videos of CV15 in various stages of undress were found on ARMSTEAD's device.  No less than four videos of CV15 meet the federal definition of child pornography.

12.     The four referenced videos of child pornography show CV15 posing nude and CV15's genitals are in clear view of the camera.  The following are detailed summaries of two of the four child pornography videos:

    1) File Name: cplAc_XE35GQdwFZILaeSA7E2mpTxI

    Description: This video is approximately six seconds in length.  The video is a selfie style video and shows a young, darker skinned female (CV15) standing nude in what appears to be a bathroom.  The female's exposed genitals are in clear view of the camera.  Part of a word can be seen written on the female's forearm in different colored markers, "Juel…"  The last letter is covered by a bracelet.  The female slowly spins and displays her entire nude body to the camera.  The only part of the female's body that is not visible is from the female's knees to the ground.

    2) File Name: cplAcluCGz5NmQW1yj4YPcEY3blaKIK

    Description: This video is approximately nine seconds in length.  The video is a selfie style video and shows the same female as above (CV15) standing nude in what appears to be the same bathroom.  The female's exposed genitals are in clear view of the camera and the female is wearing a towel on her head.  The female slowly spins and displays her entire nude body to the camera.  The only part of the female's body that is not visible is from the female's knees to the ground.

13.     The other two videos show CV15 nude in the same bathroom. The difference in the videos is that CV15 does not spin as in the other videos but pans the camera to various areas of her body, including her exposed genitals.  Based on my review of these videos, they are child pornography as defined by Title 18, United States Code, Section 2256(8).  Specifically, these videos feature the lascivious exhibition of the genital or pubic

(cellphone), which is in violation of Title 18, United States Code, Section 2252A(a)(2) – Receipt or Distribution of Child Pornography.

Special Agent Michael H. Baker
Homeland Security Investigations

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this  23rd   day of July, 2024.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE